GILLESPIE, Presiding Justice:
L. D. Wolfe and Lincoln Ready-Mix, Inc., filed in the Chancery Court of Pike County a bill of complaint against Credit Alliance Corporation, John H. Crawford, the trustee in a deed of trust given by Wolfe to Credit Alliance, Esco G. Harvey, and Mrs. Doris Harvey, individually and as guardian of Esco G. Harvey, and several other parties. Wolfe and Ready-Mix prayed for (1) an injunction enjoining Crawford, trustee, from foreclosing a deed of trust on certain lands claimed to be owned by Wolfe and a part of which was under option to Ready-Mix, and (2) an inquiry into the mental competency of Esco G. Harvey, and if found competent, to confirm in Wolfe title to certain lands deeded *728 to Wolfe by Esco G. Harvey and his wife, Doris M. Harvey. The controversy between Wolfe and Ready-Mix on the one hand and Credit Alliance and its trustee, Crawford, on the other, has been settled. As far as this appeal is concerned, the only issues involve the competency of Esco G. Harvey at the time he deeded certain property to Wolfe and the assessment against Harvey of the compensation of his guardian ad'litem.
The trial court appointed Robert S. Reeves, an attorney, as guardian ad litem of Esco G. Harvey, and Reeves vigorously and ably performed his duties. A full hearing was had on the issue of competency of Harvey and the chancellor found from abundant evidence that while Harvey had been rated as incompetent by the Veterans Administration, and his wife had been appointed guardian for the specific and limited purpose of receiving for Esco G. Harvey certain retirement and disability benefits from the Veterans Administration and to protect his interest in National Service Life Insurance, Wolfe and Ready-Mix sustained the burden of proving that Esco G. Harvey was fully competent when he deeded the land to Wolfe; and that Wolfe paid Harvey the fair market value of the land.
The only question that gives this Court concern is the matter of assessing Esco G. Harvey with $250 allowed the guardian ad litem. The amount is conservative and not open to question. The chancellor expressed concern as to whether he should require Harvey to pay this charge. This Court is most reluctant to disturb any part of the chancellor’s decree, but we are of the opinion that the compensation of the guardian ad litem should be assessed against Wolfe and Ready-Mix. Harvey never questioned Wolfe’s title. He was brought into the case as a defendant to a bill of complaint filed by Wolfe and Ready-Mix, seeking, among other things, confirmation of title. Harvey never disclaimed Wolfe’s title until it was done so by the guardian ad litem, whose duty it was to do so. The suit was for the benefit of Wolfe and Ready-Mix and it was complicated by the inclusion of a controversy between Wolfe and Credit Alliance and several other parties. The compensation of the guardian ad litem should be paid by Wolfe and Ready-Mix, and judgment will be entered here accordingly. Griffith, Miss. Chancery Practice, § 630 (2d ed. 1950). The decree in all other respects is affirmed.
Reversed in part and rendered; affirmed in part.
JONES, BRADY, INZER and ROBERTSON, JJ., concur.